IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE ROSSI,

                Plaintiff,

v.                                             OPINION and ORDER

KOHN LAW FIRM S.C.,                         19-cv-192-jdp

                Defendant.

Defendant Kohn Law Firm S.C. seeks fees and costs in this case brought under the Fair Debt Collection Practices Act (FDCPA). Dkt 44 and Dkt. 48. Plaintiff Natalie Rossi sued Kohn on a theory that Kohn had misrepresented that a lawyer was "meaningfully involved" in preparing a debt-collection lawsuit filed against Rossi in state court. This court granted summary judgment to Kohn on the grounds that Rossi hadn't adduced evidence that she was injured by Kohn's conduct or that Kohn had violated the FDCPA. Now Kohn contends that it is entitled to costs as the prevailing party and to fees because the case was frivolous and was brought in bad faith.

Rossi doesn't object to Kohn's request for $2,788.40 in costs, so the court will grant that request. But the court isn't persuaded the Rossi's claim was frivolous or that she brought the case in bad faith. So the court will deny Kohn's request for it attorney fees.

ANALYSIS

Kohn relies on three sources of authority to support its motion for fees. First is the FDCPA itself. Under the FDCPA, costs are available to a prevailing party, as in cases generally. *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013). A prevailing plaintiff is entitled to an

award of attorney fees to encourage enforcement of the act. 15 U.S.C. § 1692k(a)(3). But the FDCPA allows the court to award fees to a prevailing defendant if the court finds that the "action . . . was brought in bad faith and for the purpose of harassment." *Id*. Kohn's second authority for fee-shifting is 28 U.S.C. § 1927, under which the court may award to any party "attorneys' fees reasonably incurred because" of an attorney's conduct that "multiplies the proceedings in any case unreasonably and vexatiously." Third, "a court has the inherent authority to impose sanctions for actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons." *Morjal v. City of Chicago*, 774 F.3d 419, 421 (7th Cir. 2014) (internal quotation marks omitted).

The three authorities are in substantial alignment: they give the court discretion to award fees as a sanction for bad faith litigation conduct by FDCPA plaintiffs, just as the court has the ability to sanction any party or counsel for abuse of the litigation process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020); *Marx v. General Revenue Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011), *aff'd*, 568 U.S. 371 (2013). The parties acknowledge that in FDCPA cases the court should award fees to defendants sparingly, to avoiding discouraging good-faith enforcement efforts.

Kohn contends that this case falls on the bad faith side of the line for two reasons: (1) Rossi's claim was frivolous; and (2) Rossi and her lawyer made false statements during the litigation to keep the litigation going after they knew it was futile. According to Kohn, even if this case began as a good faith enforcement effort, once Rossi saw the evidence of how Kohn handled her case, her case was doomed, and it was bad faith to press on. The court is not persuaded.

**A. The merits of Rossi's meaningful involvement claim**

Rossi's basic theory of the case was unsuccessful, but it wasn't frivolous. As discussed in the summary judgment decision, Rossi based her claims on a line of Seventh Circuit cases holding that a lawyer's signature of a debt-collection letter qualifies as a misrepresentation in violation of the FDCPA if the lawyer wasn't meaningfully involved in drafting the letter. *See Avila v. Rubin*, 84 F.3d 222, 228–29 (7th Cir. 1996); *Boyd v. Wexler*, 275 F.3d 642, 647 (7th Cir. 2001); *Nielsen v. Dickerson*, 307 F.3d 623, 638–39 (7th Cir. 2002). This court extended that principle to legal pleadings in several recent cases. *See, e.g., Bahena v. Jefferson Capital Sys., LLC*, 363 F. Supp. 3d 914, 928 (W.D. Wis. 2019); *Satran v. LVNV Funding, LLC*, No. 17-cv-896-jdp, 2018 WL 2464486, at *2 (W.D. Wis. June 1, 2018). In this case, the court concluded that Rossi's injury and claim were distinguishable from those in prior cases, but precedent didn't clearly foreclose her claim. Ultimately Rossi argued to extend precedent further than this court concluded was supported by existing law.

Kohn argues that Rossi's attorney, Briane Pagel, should have known that this case was baseless because Pagel had already lost a jury trial on meaningful involvement, and the procedures followed by the defendant in that case were the same as those followed by Kohn. Dkt. 58, at 5–6. But that jury verdict has no value as precedent, and it says nothing at all about the validity of meaningful involvement as a legal theory.

There is no basis for finding that Rossi acted in bad faith by trying to extend her meaningful involvement theory to state-court pleadings.

**B. Alleged false statements by Rossi or her attorney**

Kohn also contends that Rossi supported her meaningful involvement claim with false statements. For example, Kohn contends that Rossi lied when she said that, at the time Kohn

3

sued her, she didn't know any attorneys who would defend a debt-collection lawsuit, didn't recognize Kohn's name, and didn't know how much she owed on the debt. Kohn also says that she lied that the debt-collection lawsuit required her to continue marriage counseling.

The parties devote a substantial portion of their briefs to debating what Rossi knew, when she knew it, and whether any misstatements were intentional or inadvertent. For example, Kohn argues at length that Rossi must have known that Briane Pagel could have represented her in a debt-collection lawsuit because Pagel had represented Rossi's husband in a previous debt-collection lawsuit. In response, Rossi says that Pagel's involvement in the previous case was minimal, and she didn't discuss her husband's lawsuits with him, so the previous lawsuit isn't evidence of an intentionally false statement.

The court will assume for the purpose of Kohn's motions that some of Rossi's statements were inaccurate. But the statements aren't evidence that Rossi brought her claim in bad faith under § 1692k(a)(3), that she acted vexatiously under § 1927, or that she committed a fraud on the court. Rossi's claim was based primarily on a legal theory about the scope of a lawyer's duty when filing a debt-collection lawsuit. Whether she had prior knowledge of Kohn and whether she knew that Pagel could represent her had no bearing on Kohn's duty. Although Kohn states repeatedly in its opening brief that Rossi relied on the statements "in an attempt to create a fact issue," *e.g.*, Dkt. 45, at 7–10, Kohn doesn't point to any part of Rossi's summary judgment briefs that relied on the statements.

In the summary judgment decision, the court briefly mentioned Rossi's statement that she didn't know any attorneys who could represent her in a debt-collection case, but the court observed that Rossi's knowledge about that issue had "nothing to do" with the relevant issues in the case. Dkt. 42, at 11 Testimony that Rossi needed to continue counseling because of

4

Kohn's conduct could have been relevant to standing, but, as the court noted in the summary judgment decision, Rossi didn't rely on an any emotional distress she suffered to create a basis for standing. *See* Dkt. 42, at 4 n.1. Rossi's knowledge of the exact amount of her debt and her familiarity with Kohn are irrelevant details.

Kohn also points to a statement in one of Rossi's briefs: "Kohn could not say what documentation it had in the file when Emick reviewed it." Dkt. 35, at 6. This is a reference to Kirk Emick, a lawyer employed by Kohn who filed the debt-collection against Rossi. Kohn says that Rossi's lawyer knew the statement was false because he had taken the deposition of another lawyer for Kohn who described the documents that Emick had reviewed. Dkt. 26-1 (Hermersmann Dep. at 11:21 to 13:19).

The quoted statement doesn't come from Rossi's summary judgment brief, but from a supplemental brief about the effect of recent FDCPA decision, *Trivedi v. BD 112A LLC*, No. 18-cv-313, 2020 WL 736239 (E.D. Wis. Feb. 13, 2020).[1] Rossi made the statement in an attempt to distinguish *Trivedi*, and she cited to her proposed findings of fact in support. Dkt. 31, ¶ 42. The proposed findings of fact, in turn, cited the same deposition that Kohn is citing now. The lawyer said, "I don't know . . . for certain" in response to a question about which billing statements Kohn had received before sending Rossi a demand letter. Dkt. 26-1 (Hermersmann Dep. at 10:21–11:4). He later clarified that the billing statements that were included in an exhibit were "typically what's received on these accounts." *Id.* at 11:6–7.

---

[1] *Trivedi* was decided about a month before Kohn filed its summary judgment reply brief in this case. More than a month after Kohn filed its reply brief, it filed a "notice of supplemental authority," citing *Trivedi*. Dkt. 33. Rossi filed a response to the notice to "address the effect of the decision in question on this case." Dkt. 35, at 1.

Rossi's summary of the evidence may have been a stretch. But then again, so were some of Kohn's arguments. As the court noted in the summary decision, Kohn devoted a substantial portion of its summary judgment briefs to arguments that had been clearly foreclosed by the precedent of the Supreme Court, the Court of Appeals for the Seventh Circuit, and this court. *See* Dkt. 42, at 17–18 n.3. The court isn't persuaded that sanctions are appropriate based on the statement about Emick's document review. Rossi wasn't trying to hide relevant evidence; she cited the deposition at issue in her proposed findings of fact, and Kohn had an opportunity to dispute the fact. And the point was a minor one. The court didn't discuss *Trivedi* in the summary judgment decision or consider how many billing statements Kohn reviewed.

A fraud on the court may be an appropriate ground for a sanction, *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 02 (7th Cir. 2015), but generally the false statements must be material, *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877–78 (7th Cir. 2019). Some of the statements that Kohn cites suggest that Rossi and her counsel were less than careful in their descriptions of some of the facts, particularly about the injuries she claimed to have suffered. If the misstatements had been central to Rossi's meaningful involvement claim, the court would consider whether a sanction was appropriate. But the core factual issue in the litigation was whether Emick could have been meaningfully involved in the state case, given the high volume of cases he was required to evaluate and process. The court decided the case in Kohn's favor, in part because the facts showed that Emick had adequately reviewed a straightforward case, and in part because the law was not favorable to extending a meaningful involvement claim to state-court pleadings. Looking at the case overall, the court does not agree that Rossi or Pagel "plow[ed] forward with complete disregard of the facts." Dkt. 58, at 14.

The court is not persuaded that Rossi or Pagel brought, or continued, this case in bad faith or for the purposes of harassment. The court will deny Kohn's motion for attorney fees. It will award Kohn taxable costs in the amount requested.

ORDER

IT IS ORDERED that:

1. Defendant Kohn Law Firm, S.C's motion for fees, Dkt. 44, is DENIED.
2. Kohn's bill of costs, Dkt. 48, is APPROVED in the amount of $2,788.40.

Entered October 27, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge